IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WADE THORNTON,

        Plaintiff,               No. CIV S-11-0875 EFB P

     vs.

CRAIG WEST, et al.,

        Defendants.       <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

**II.      Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish that the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).   Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The court has reviewed plaintiff's March 31, 2011 complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed because it fails to state a claim.  The complaint names numerous defendants.  With the exception of defendant Craig West, a doctor, the complaint does not allege how any defendant was personally involved in violating plaintiff's federal rights.  As to defendant West, plaintiff purports to bring an Eighth Amendment claim, as

1    well as Fourteenth Amendment due process and equal protection claims.  The complaint alleges

2    that West violated plaintiff's federal rights by placing a "clearance chrono" in plaintiff's medical

3    and central files without first examining plaintiff.  The chrono apparently allowed the California

4    Department of Corrections and Rehabilitation to transfer plaintiff to an out of state prison, even

5    though another doctor had found three weeks earlier, that plaintiff did not meet the criteria for

6    placement out of state.  Plaintiff claims that because he was sentenced under California Penal

7    Code § 11191, he must consent before being transferred to an out of state prison.

8          The allegations fail to sufficiently frame a claim of deliberate indifference in violation of

9    the Eighth Amendment.  To state a section 1983 claim for violation of the Eighth Amendment

10   based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to

11   evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106

12   (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and

13   that defendant possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294,

14   297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical

15   need is one that significantly affects an individual's daily activities, an injury or condition a

16   reasonable doctor or patient would find worthy of comment or treatment, or the existence of

17   chronic and substantial pain.  *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.

18   1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997)

19   (*en banc*).

20         Deliberate indifference may be shown by the denial, delay or intentional interference

21   with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United*

22   *States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official

23   must both be aware of facts from which the inference could be drawn that a substantial risk of

24   serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837

25   (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious

26   harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  "[I]t

1   is enough that the official acted or failed to act despite his knowledge of a substantial risk of

2   serious harm." *Id.* at 842.  A physician need not fail to treat an inmate altogether in order to

3   violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314

4   (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some

5   treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*  However,

6   it is important to differentiate common law negligence claims of malpractice from claims

7   predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

8   In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

9   support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

10  1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th

11  Cir. 2004).   It is well established that mere differences of opinion concerning the appropriate

12  treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d

13  330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Here, the

14  allegations that West issued a "clearance chrono" without first examining plaintiff, fail under

15  these standards.

16         The allegations also fail to sufficiently frame a claim under the Fourteenth Amendment.

17  Prisoners have no liberty interest in avoiding being transferred to another prison.  *See Olim v.*

18  *Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United*

19  *States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam). Inmates have "no justifiable

20  expectation" that they will be incarcerated in any particular prison, and transferring an

21  inmate to another prison does not infringe a protected liberty interest. *Olim*, 461 U.S. at 245;

22  *Vitek v. Jones*, 445 U.S. 480, 489 (1980).  The court's own records reveal that on June 5, 2008,

23  plaintiff filed another complaint in this district, which also alleged that plaintiff had been

24  ////

25  ////

26  ////

endorsed for transfer to an out-of-state prison without plaintiff's consent.  *See Thornton v. Schwarzenegger*, No. Civ. S-08-1260 WBS CMK, Dckt. Nos. 1, 12 1.[1]  The court dismissed that action for failure to state a claim, and the Court of Appeal for the Ninth Circuit affirmed that decision.  *Id.*, Dckt. Nos. 14 (February 5, 2009 District Court Order of Dismissal), 18 (May 3, 2011 Ninth Circuit Court of Appeals Memorandum of Decision) ("The district court properly dismissed Thornton's claim that California Penal Code § 11191 vests him with a state-created liberty interest in avoiding an involuntary transfer to an out-of-state prison because the statute has been revised to delete the requirement that such transfers be voluntary.").  Accordingly, this claims will also be dismissed.

Nor do the allegations suggest any plausible basis for an equal protection claim.  The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike.  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  To state a claim under § 1983 alleging violations of the equal protection clause, plaintiff must allege facts showing that he is a member of a protected class.  *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne*, 473 U.S. at 440-41 (listing suspect classes).  Plaintiff must also plead facts to demonstrate that a defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

Accordingly, the complaint must be dismissed.  Plaintiff will be granted an opportunity to cure the deficiencies with leave to amend.  Any amended complaint must adhere to the following requirements:

Any amended complaint shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant.  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include

---

[1]  A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1    "a short and plain statement of the claim" showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).

2          Any amended complaint must be complete in itself without reference to any prior

3    pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once

4    plaintiff files an amended complaint, the original pleading is superseded.

5          It must show that the federal court has jurisdiction and that plaintiff's action is brought in

6    the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain

7    a request for particular relief.  Plaintiff must identify as a defendant only persons who personally

8    participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson*,

9    588 F.2d at 743-44 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional

10   right if he does an act, participates in another's act or omits to perform an act he is legally

11   required to do that causes the alleged deprivation).

12         Here, the complaint concerns defendant West and his alleged decision to issue a

13   "clearance chrono" without first examining plaintiff.  Plaintiff  may not change the nature of this

14   suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605,

15   607 (7th Cir. 2007) (no "buckshot" complaints).

16   **III.   Order**

17         Accordingly, IT IS HEREBY ORDERED that:

18         1.  Plaintiff's request to proceed in forma pauperis is granted.

19         2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

20   accordance with the notice to the Director of the California Department of Corrections and

21   Rehabilitation filed concurrently herewith.

22         3. The complaint is dismissed with leave to amend within 30 days.  The amended

23   complaint must bear the docket number assigned to this case and be titled "First Amended

24   ////

25   ////

26   ////

Complaint." Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:   January 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE